TODD R. STARTZEL, WSBA #17420
KIRKPATRICK & STARTZEL, P.S.
108 N. Washington Street, Suite 201
Spokane, WA 99201
(509) 455-3647
Attorney for Plaintiff Abolfazl Hosseinzadeh

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABOLFAZL HOSSEINZADEH,<br><br>           Plaintiff,<br><br>        vs.<br><br>BELLEVUE PARK HOMEOWNERS ASSOCIATION; ADRIAN TEAGUE, in both his individual capacity and representative capacity as director of Bellevue Park Homeowners Association; and JENNIFER GONZALEZ, in both her individual capacity and representative capacity as director of Bellevue Park Homeowners Association,<br><br>           Defendants. | NO:  CV-<br><br>COMPLAINT |

        Plaintiff, ABOLFAZL HOSSEINZADEH, alleges the following claims:

**COMPLAINT: 1**

## JURISDICTION AND VENUE

1.1     This is an action to recover damages or equitable relief under the Federal Civil Rights Act of 1966, 42 U.S.C. § 1982, which is an Act of Congress providing for the protection of civil rights.  This Court has jurisdiction over Plaintiff's Civil Rights Act claims under 28 U.S.C. § 1343.

1.2     This is an action to recover for damages or other relief for violation of the Federal Fair Housing Act (FHA), 42 U.S.C. §§ 3601-19, an act of the Congress of the United States.  This Court has jurisdiction over Plaintiff's FHA claims pursuant to 28 U.S.C. § 1331, because they are civil claims arising under the Constitution, laws, or treaties of the United States.

1.3     This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

1.4     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district, and because all defendants are residents of this district, including Defendant BPHOA as it operates or does business in this judicial district, thus residing in this district for purposes of 28 U.S.C. §§ 1391(c)(2) and 1391(d).

## PARTIES

2.1     Plaintiff Abolfazl Hosseinzadeh purchased Unit #39 at Bellevue Park, with an address of 860 100th Avenue NE, Bellevue, 98004, located in King County, Washington. Ownership in the condo was transferred to Mr. Hosseinzadeh's sister, Akram Hosseinzadeh, in 2002.  In 2015, ownership transferred to Flex Corporation, of which Mr. Hosseinzadeh is the sole owner.

**COMPLAINT: 2**

Kirkpatrick & Startzel, P.S.
Attorneys at Law
108 N. Washington St., Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

2.2     Defendant Bellevue Park Homeowners Association ("BPHOA") is a non-profit corporation organized under the laws of the State of Washington.  Membership in BPHOA is composed solely of the owners of the 79 condominium units located on 100th Avenue NE between NE 8th Street and NE 10th Street in Bellevue, Washington, commonly known as Bellevue Park.

2.3     Defendant Adrian Teague ("Defendant Teague") is the recorded owner of Unit #223 at Bellevue Park with an address of 922 100th Avenue NE, Bellevue, 98004, located in King County, Washington.  On July 27, 2016, he was appointed to a vacant position on the Board of Directors for the BPHOA.  He is listed as a governing person of Defendant BPHOA and purportedly serves as the President of the Board of Directors.

2.4.    Defendant Jennifer Gonzales ("Defendant Gonzales") is the recorded owner Unit #44 at Bellevue Park, with an address of 925 100th Avenue NE, Bellevue, 98004, located in King County, Washington.  She was purportedly elected to the Board of Directors of BPHOA on January 31, 2017, and previously served on the Board.  She is listed as a governing person of Defendant BPHOA with the Washington Secretary of State.

## FACTS

3.1     Mr. Hosseinzadeh and his family were born in Iran and are not racially white.

3.2     While owning Unit #39, Mr. Hosseinzadeh and his sister, Akram, allowed their mother and father to reside in the unit.  The parents' names are Ali Hosseinzadeh and Soghra Baygan.

3.3     In 2001, after receiving approval from the BPHOA Board of Directors, Mr. Hosseinzadeh caused a satellite dish to be installed so that his parents could watch Persian programs.

**COMPLAINT: 3**

Kirkpatrick & Startzel, P.S.
Attorneys at Law
108 N. Washington St., Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

3.4     Persons in BPHOA responded negatively to the installation of a satellite dish. Rosemary Ovadia, then a member of the BPHOA Board of Directors, stated that Mr. Hosseinzadeh's parents should "learn English or go back to their country."  A board member also left a message with Mr. Hosseinzadeh asking who he and his family were communicating with via the satellite.

3.5     Mr. Hosseinzadeh filed a complaint with the Human Rights Commission (HRC) and reached an agreement with BPHOA that they would allow the satellite to remain and would refrain from retaliation.  The board was also required to take anti-discrimination classes.  One board member, Marlene Newman, chose to resign from the Board before the agreement was signed and the classes took place.

3.6     In 2011, Wilma Edmonds called Akram Hossienzadeh twice, demanding removal of the satellite and asking why Mr. Hosseinzadeh wanted to buy a condo at Bellevue Park.

3.7     Ms. Edmonds, as Treasurer of BPHOA, then retained MacPherson's Property Management on behalf of Defendant BPHOA.  On April 13, 2012, MacPherson's removed the satellite.

3.8     Mr. Hosseinzadeh then filed a second complaint with the HRC.  In response, the Board President at the time, John Jessen, promised to reinstall the satellite and ensured that there would be no disruption in service.  Removal of the satellite dish was not necessary and service has never been restored.

3.9     In August of 2014, BPHOA, through MacPherson's Property Management, retained the law firm of Pody & McDonald to collect past due assessments.  Pody & McDonald has a longstanding relationship with MacPherson's.

**COMPLAINT: 4**

Kirkpatrick & Startzel, P.S.
Attorneys at Law
108 N. Washington St., Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

3.10   On or about November 6, 2014, the BPHOA Board of Directors passed a motion to automatically send an owner's account to collections when the owner's delinquent balance was $1,000 or greater.

3.11   MacPherson's identified Unit #39, then owned by Akram Hosseinzadeh, as past due on assessments and forwarded the information to Pody & McDonald for collection.

3.12   On November 14, 2014, Pody & McDonald placed lien on Unit #39 for an alleged unpaid balance of $432.98 through November 1, 2014.  Pody & McDonald continued to add attorney fees and collection costs to the amount of assessments allegedly overdue.

3.13   Pody & McDonald instituted foreclosure proceedings on the Hosseinzadeh's unit.  Defendants Teague and BPHOA authorized spending a substantial amount in attorneys' fees because Mr. Hosseinzadeh owned the unit and he and his family were targets of the foreclosure.

3.14   The BPHOA Board of Directors sent out a letter to all homeowners falsely stating or implying that Mr. Hosseinzadeh had sued the BPHOA and that a special assessment of approximately $34,000 against the homeowners was necessary to fund BPHOA's defense.  This letter was designed to turn homeowners against Mr. Hosseinzadeh and justify the continued expenditure of exorbitant attorney fees in Defendant BPHOA's action to foreclose the Hosseinzadehs' unit.

3.15   The alleged past due amount was far below BPHOA's own standards for taking such action.  BPHOA's purported policy was not to pursue liens for any past due amount less than $1,000.00.  BPHOA did not file a lien or pursue foreclosure proceedings against other owners with higher delinquent balances.

**COMPLAINT: 5**

Kirkpatrick & Startzel, P.S.
Attorneys at Law
108 N. Washington St., Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

3.16   Mr. Hosseinzadeh and his family have faced continuous discrimination at Bellevue Park. The Hosseinzadehs' unit was targeted for video surveillance by BPHOA; HOA rules have been selectively enforced against Mr. Hosseinzadeh and his family while other residents are allowed repeated and egregious violations of the rules, Ms. Ovadia, watered plants on behalf of others in the HOA but refused to water the Hosseinzadehs' plants because they were Iranian; Ms. Ovadia further told others that the Hosseinzadehs' parking space belongs to anyone; a renter next door threatened Mr. Hosseinzadeh; and residents made unfounded complaints about the Hosseinzadehs.

3.17   On March 29, 2016, Mr. Hosseinzadeh was elected to the BPHOA Board of Directors at a regular annual meeting.

3.18   Subsequent to the March 29, 2016, meeting, the Association's attorney reviewed Mr. Hosseinzadeh's election to the board and found it was invalid.  There is no record of BPHOA ever reviewing election results prior to Mr. Hosseinzadeh's election.

3.19   BPHOA Board members sidelined, discredited, and targeted Mr. Hosseinzadeh while he attempted to participate in the governance of the association. BPHOA allowed Mr. Hosseinzadeh to serve on the BPHOA Board merely to reduce the appearance of discrimination, however other Board Members ignored his valuable input and excluded him from meetings and communications.

3.20   BPHOA and its agents provided free access to association documents to other residents and Board members but refused to provide Mr. Hosseinzadeh timely access to association records, even while he acted as Secretary of the Board.

3.21   Eventually, Defendant Teague, along with select other owners in Bellevue Park, believed to include Wilma Edmonds, Thomas Edmonds, Rosemary Ovadia, Marlene Newman, Mark Middlesworth, David Jensen, Jennifer Gonzales, Jonette King, and Kathy

**COMPLAINT: 6**

Kirkpatrick & Startzel, P.S.
Attorneys at Law
108 N. Washington St., Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

Wallentine (together "Dissident Owners"), undertook a campaign to discredit, malign, and remove from leadership Mr. Hosseinzadeh and those associated with him, including Ms. Cai, and Mr. Tang.

3.22   Ms. Cai is Chinese in origin.

3.23   Mr. Tang is Chinese in origin.

3.24   On January 26, 2017, Marlene Newman, an owner and former member of the BPHOA Board of Directors, stated in an email to another owner that, "Pretty soon they will have to change the name from Bellevue Park to Hong Kon [sic] Gardens."  Ms. Newman is also believed to have referred to Bellevue Park as a "Chinese flophouse."

3.25   Rosemary Ovadia, an owner, former Board member, and central agitator against the Hosseinzadeh family, previously stated at a Board meeting that, "the Hosseinzadehs should either learn English or go back to their country."

3.26   On January 27, 2017, Wilma Edmonds, an owner and former Board member, stated in an email to Defendant Teague that "We will do like many of the new Asian owners, keep the money and when foreclosure is threated pay. . . .  I feel that since I live in ChinaMedina, it doesn't surprise me to see all of the Chinese in [Bellevue Park]."

3.27   On October 4, 2017, Adrian Teague wrote in an e-mail to Jennifer Gonzales, Davide Jensen, Marlene Newman, and Mark Middlesworth: "Fortunately all 18 affected homeowners have English names except Xiao, and she will comprehend the writing."

3.28   On January 7, 2017, MacPherson's Property Management discontinued its management contract for BPHOA.  On or about January 12, 2017, Mr. Hosseinzadeh and Mr. Tang were BPHOA Board members.  In order to ensure no lapse in management of BPHOA, they went to Wells Fargo and became signers on the CD account BPHOA held there.  They never removed or took funds from this account.

**COMPLAINT: 7**

3.29   Mr. Hosseinzadeh also went to U.S. Bank to update the signers on BPHOA's accounts held there.  Mr. Hosseinzadeh was told that U.S. Bank could not update the accounts because MacPherson's—who terminated its services contract with BPHOA—formed the accounts and was the sole signer on them.

3.30   On January 17, 2017, Defendant Teague sent an email to owners within Bellevue Park Condominium.  The subject line of the email was "Notice of Special Meeting of the Homeowners, ballot update and other important news" containing the statement "Here is The Good, The Bad, and The Ugly."  Under the section in the email titled, "The UGLY" Mr. Teague wrote:

> During one of the invalid board meetings, a member was nominated president and has **attempted to defraud US Bank** by requesting that the association[']s operational funds be transferred out.  While I am not an attorney, these attempts to move the associations money is **tantamount to criminal activity** and they have not been honored by the bank . . . .

Defendant Teague was a member of the Bellevue Park Board of Directors at the time of sending this email.

3.31   On February 2, 2017, Defendant Jennifer Gonzales sent an email to Karen Rodriguez, Vice President at U.S. Bank, stating the following in regards to Mr. Hosseinzadeh:

> As I mentioned, a homeowner (actually, he is not even a homeowner-he is a representative for a homeowner) **has spent the last 6 months or so trying to obtain access to the HOA funds, and was successful at this at Wells Fargo**.
> . . . .
> Our accounts at US Bank are frozen **and our other accounts gone**. We have no idea why the account is frozen. We

**COMPLAINT: 8**

Kirkpatrick & Startzel, P.S.
**Attorneys at Law**
108 N. Washington St., Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

> have past due bills and no way to pay them. We have no way to collect HOA dues. This is a continuing nightmare for many people.
>
> What documentation is need [sic] to restore our account and **keep Ab and his cohorts from taking our funds**? I can have our HOA attorney contact you and provide you with any documentation you require.
>
> I must say, though, this is a very urgent matter for us. **We have already lost a lot of money** and the longer we don't pay bills, the more fees we incur . . . .

Defendant Gonzales was purportedly a member of the Bellevue Park Board of Directors at the time of sending this email.

3.32   On or about July 14, 2017, Rosemary Ovadia told Mr. Hosseinzadeh's tenant, Larry Cooke, that Mr. Hosseinzadeh had stolen BPHOA's money from the bank.

3.33   Defendants Teague and Gonzales, along with the other Dissident Owners, arranged a meeting with many members of BPHOA.  At the January 31, 2017 meeting, Mr. Hosseinzadeh was not allowed to answer questions or respond to the false and defamatory accusations of theft and criminal conduct made and implied by Defendants Teague and Gonzales.

3.34   The actions described above fit a pattern of discrimination against Mr. Hosseinzadeh and his family.

3.35   The actions described above fit a pattern of racial discrimination against people of Asian descent, thus discriminating against Mr. Hosseinzadeh and his family as well as depriving Mr. Hosseinzadeh of the benefit of diversity among his neighbors.

3.36   The actions described above fit a pattern of discrimination against people whose nation of origin is an Asian nation, thus discriminating against Mr. Hosseinzadeh

**COMPLAINT: 9**

1
2

and his family as well as depriving Mr. Hosseinzadeh of the benefit of diversity among his neighbors.

3
4

3.37   Abolfazl, Akram, Ali, and Soghra have been adversely affected by the acts, policies and practices of BPHOA, its agents, and its members.

5
6

3.38   BPHOA discriminated against Abolfazl Hosseinzadeh through discriminatory actions, discriminatory statements, discriminatory policies, disparate treatment, and by creating a hostile environment.

7
8

## FIRST CAUSE OF ACTION – DEFAMATION AGAINST ALL DEFENDANTS

9
10

4.1   Mr. Hosseinzadeh realleges and incorporates the facts and allegations set forth in the paragraphs above, as if fully set forth herein.

11
12
13

4.2   Through their conduct set forth above, Defendants Teague and Gonzales published or caused to be published false and defamatory statements regarding Mr. Hosseinzadeh.

14

4.3   The statements were not privileged or any such privilege was abused.

15
16
17

4.4   Defendants knew, should have known, or in the exercise of reasonable care would have known, that the statements were false or would create a materially false impression.

18
19
20
21

4.5   Defendants' communications were defamatory per se in that they charged Mr. Hosseinzadeh with a crime or attempted crime; exposed him to hatred, contempt, ridicule or obloquy and deprived him of the benefit of public confidence and social intercourse; and injured him in his business, trade or profession.

22
23

4.6   Upon information and belief, additional defamatory statements were published by Defendants Teague and Gonzales and other members of BPHOA and/or

24

**COMPLAINT: 10**

Defendants Teague and Gonzales' statements were republished to additional persons.  Mr. Hosseinzadeh reserves the right to assert additional claims for any other false and defamatory statements.

4.7     Defendant BPHOA is vicariously liable for the actions of its board members and/or ratified their conduct through the subsequent actions of removing Mr. Hosseinzadeh, Ms. Cai, and Mr. Tang from the Board of Directors and placing Defendant Teague, Defendant Gonzales, and Dissident Owners Marlene Newman, Mark Middlesworth, and David Jensen on the Board in their stead.

4.8     As a proximate result of Defendants' publications, Mr. Hosseinzadeh suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION – FALSE LIGHT AGAINST ALL DEFENDANTS

5.1     Mr. Hosseinzadeh realleges and incorporates the facts and allegations set forth in the paragraphs above, as if fully set forth herein.

5.2     Defendants, through their actions and statements set forth above, placed Mr. Hosseinzadeh before the public in a false light, including by falsely portraying him as a criminal and a thief who posed an imminent danger to BPHOA and its members.

5.3     The false light in which Mr. Hosseinzadeh was placed would be highly offensive to a reasonable person.

5.4     Defendants had knowledge of or acted in reckless disregard as to the falsity of their publications and the false light in which Mr. Hosseinzadeh would be placed.

5.5     Defendant BPHOA is vicariously liable for the actions of its board members and/or ratified their conduct through the subsequent actions of removing Mr. Hosseinzadeh, Ms. Cai, and Mr. Tang from the Board of Directors and placing Defendant

**COMPLAINT: 11**

**Kirkpatrick & Startzel, P.S.**
**Attorneys at Law**
**108 N. Washington St., Ste. 201**
**Spokane, Washington 99201**
**Telephone (509) 455-3647**

Teague, Defendant Gonzales, and Dissident Owners Marlene Newman, Mark Middlesworth, and David Jensen on the board in their stead.

5.6     As a proximate result of Defendants' publications, Mr. Hosseinzadeh suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION – DISCRIMINATION IN VIOLATION OF FEDERAL FAIR HOUSING ACT AGAINST DEFENDANT BPHOA

6.1     Mr. Hosseinzadeh realleges and incorporates the facts and allegations set forth in the paragraphs above, as if fully set forth herein.

6.2     Pursuant to 42 U.S.C. § 3604(a) it is unlawful to deny a dwelling to any person because of race, religion, or national origin.

6.3     Pursuant to 42 U.S.C. § 3604(b), it is unlawful to discriminate against any person in the terms, conditions or privileges or the provision of services or facilities in connection with the sale or rental of a dwelling because of race, religion, or national origin.

6.4     Pursuant to 42 U.S.C. § 3617, it is unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of any right protected by 42 U.S.C. §§ 3603 to 3606.

6.5     As an owner of Unit #39, Mr. Hosseinzadeh's rights are protected under the federal Fair Housing Act.

6.6     On or about November 2014, and continuing to the present time, BPHOA pursued lien and foreclosure of Unit #39 in order to make unavailable or deny that dwelling to Mr. Hosseinzadeh and his family members because of their race, religion, or national origin.

6.7     Due to BPHOA's discriminatory conduct, Mr. Hosseinzadeh has suffered distinct and palpable injury.

**COMPLAINT: 12**

6.8     BPHOA's discriminatory conduct constitutes disparate treatment of Mr. Hosseinzadeh and his family members.

6.9     BPHOA's discriminatory conduct created a hostile environment that unreasonably interfered with the ownership and possession of Unit #39 by Mr. Hosseinzadeh and his family members.

6.10    BPHOA retaliated against Mr. Hosseinzadeh and his family members including in violation of an agreement reached as a result of Mr. Hosseinzadeh's complaint with the Human Rights Commission.

6.11    BPHOA's discriminatory housing practices continue to the present time, including, but not limited to, the continued pursuit of foreclosure of Unit #39.

6.12    BPHOA has a duty to apply all terms, conditions, and privileges of the association in a nondiscriminatory manner.

6.13    Defendants violated 42 U.S.C. § 3604(b) by discriminating against Mr. Hosseinzadeh and his family in application of terms, conditions, and privileges of the association including, but not limited to, lien and foreclosure of Unit #39.

6.14    Defendants violated 42 U.S.C. § 3617 by harassing and intimidating Mr. Hosseinzadeh and his family based upon their race, religion, or national origin.

6.15    By the acts and conduct complained of, BPHOA acted intentionally and maliciously and is guilty of wanton and willful disregard of the rights of Mr. Hosseinzadeh and his family under the Fair Housing Act.

6.16    Mr. Hosseinzadeh has suffered and continues to suffer great and irreparable loss, damage, and injury as a proximate result of BPHOA's reckless and callous disregard for the rights of Mr. Hosseinzadeh and his family.

**COMPLAINT: 13**

6.17    BPHOA's discriminatory conduct included intentional violations of federal law.

6.18    BPHOA is vicariously liable for the acts of its employees, agents, board of directors, and members.

## FOURTH CAUSE OF ACTION – DISCRIMINATION IN VIOLATION OF FEDERAL CIVIL RIGHTS ACT AGAINST DEFENDANT BPHOA

7.1    Mr. Hosseinzadeh realleges and incorporates the facts and allegations set forth in the paragraphs above, as if fully set forth herein.

7.2    BPHOA committed purposeful racial or ethnic discrimination against Mr. Hosseinzadeh and his family.

7.3    BPHOA's discrimination injured Mr. Hosseinzadeh.

7.4    Mr. Hosseinzadeh's injury is directly and proximately caused by BPHOA's discrimination.

7.5    BPHOA's discrimination directed racial animus towards a group of the type Congress intended to protect when it passed 42 U.S.C. § 1982.

7.6    BPHOA violated the Civil Rights Act of 1966, 42 U.S.C. § 1982, by denying Mr. Hosseinzadeh the same right as is enjoyed by white citizens to purchase, lease, sell, hold, or convey real or personal property.

## FIFTH CAUSE OF ACTION – DISCRIMINATION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION

8.1    Mr. Hosseinzadeh realleges and incorporates the facts and allegations set forth in the paragraphs above, as if fully set forth herein.

**COMPLAINT: 14**

8.2     BPHOA discriminated against Mr. Hosseinzadeh, his family, and others because of their race, color, and national origin.

8.3     BPHOA's discrimination violated the rights of Mr. Hosseinzadeh and others to engage in real estate transactions without discrimination, to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement.

8.4     BPHOA discriminated against Mr. Hosseinzadeh and others in the terms, conditions, and privileges, including use and enjoyment, of owning or dwelling in a condominium unit at Bellevue Park.

8.5     BPHOA's discrimination injured Mr. Hosseinzadeh.

8.6     Mr. Hosseinzadeh's injury is directly and proximately caused by BPHOA's discrimination.

## SIXTH CAUSE OF ACTION – VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

9.1     Mr. Hosseinzadeh realleges and incorporates the facts and allegations set forth in the paragraphs above, as if fully set forth herein.

9.2     BPHOA discriminated against Mr. Hosseinzadeh and his family in the course of trade or commerce.

9.3     BPHOA's discrimination against Mr. Hosseinzadeh and his family has impact on the public interest.

9.4     BPHOA's discrimination is unfair and deceptive and a per se violation of the Washington Consumer Protection Act.

9.5     BPHOA's discrimination injured Mr. Hosseinzadeh including injury to this business and property.

**COMPLAINT: 15**

Kirkpatrick & Startzel, P.S.
Attorneys at Law
108 N. Washington St., Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

9.6     Mr. Hosseinzadeh's injury is directly and proximately caused by BPHOA's discrimination.

## PRAYER FOR RELIEF

Mr. Hosseinzadeh hereby requests the following relief:

10.1    For judgment in favor of him, and against Defendants, for general and special damages in an amount to be proven at trial;

10.2    For declaratory and injunctive relief including prohibiting the foreclosure of Unit #39, prohibiting defendants Adrian Teague and Jennifer Gonzales from holding positions on the BPHOA Board of Directors, and any further acts of discrimination or retaliation against Mr. Hosseinzadeh and his family;

10.3    For treble damages as allowed under the Washington Consumer Protection Act, RCW 19.86.090.

10.4    For an award of punitive and/or exemplary damages where allowable by law;

10.5    For an award of costs, prejudgment interest and attorneys' fees, where allowable by law; and

10.6    For such other relief as the Court finds just and appropriate under the circumstances.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**COMPLAINT: 16**

Kirkpatrick & Startzel, P.S.
Attorneys at Law
108 N. Washington St., Ste. 201
Spokane, Washington 99201
Telephone (509) 455-3647

DATED this <u>19th</u> day of September, 2018.


KIRKPATRICK & STARTZEL, P.S.


*/s/ Todd R. Startzel*
By:_____
TODD R. STARTZEL, WSBA # 17420
Kirkpatrick & Startzel, P.S.
108 N. Washington Street, Suite 201
Spokane, WA  99201
Phone: (509) 455-3647
Fax: (509) 624-2081
Emails: tstartzel@ks-lawyers.com
*Attorney for Plaintiff Abolfazl Hosseinzadeh*

**COMPLAINT: 17**

**Kirkpatrick & Startzel, P.S.**
**Attorneys at Law**
**108 N. Washington St., Ste. 201**
**Spokane, Washington 99201**
**Telephone (509) 455-3647**