THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABOLFAZL HOSSEINZADEH, | CASE NO. C18-1385-JCC |
| Plaintiff, | ORDER |
| v. | |
| BELLEVUE PARK HOMEOWNERS ASSOCIATION, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's counsel's motion for leave to withdraw as counsel (Dkt. No. 17) and Plaintiff's motion for an extension of time to respond (Dkt. No. 19) to Defendants' pending motion to dismiss (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion to withdraw as counsel (Dkt. No. 17) and DENIES the motion for an extension of time (Dkt. No. 19).

Counsel requests leave to withdraw as counsel because of "the breakdown of the attorney-client relationship." (Dkt. Nos. 17, 28 at 2.) Attorneys in civil cases "will ordinarily be permitted to withdraw until sixty days before the discovery cut-off date." W.D. Wash. Local Civ. R. 83.2(b)(1). The discovery cut-off date is not until October 13, 2019. (*See* Dkt. No. 16.) Therefore, Plaintiff's counsel's motion is timely.

ORDER
C18-1385-JCC
PAGE - 1

1 | However, the Court may deny an attorney's withdrawal when that withdrawal will have a materially adverse effect on the client. *See* RPC 1.16(b)(1). Plaintiff objects to his counsel's withdrawal because he argues it will have a materially adverse effect on Plaintiff's interests for three reasons: (1) there was a pending motion to dismiss that Plaintiff did not believe his counsel intended to respond to prior to withdrawing; (2) Plaintiff has paid his counsel substantial money in connection with this litigation; and (3) Plaintiff has been unable to obtain substitute counsel. (Dkt. No. 24.) The first reason is now moot because Plaintiff's counsel has responded to Defendants' motion to dismiss.[1] (Dkt. No. 29.) With regard to the second reason, the fees Plaintiff has paid his counsel, though substantial, are for *past* legal services rendered. (*See* Dkt. Nos. 25, 28.) If these costs are unreasonable, opposing a motion to withdraw is not the appropriate avenue to raise that argument. The third reason cannot be a basis for the Court to require counsel to continue representation because the attorney-client relationship is consensual. *See, e.g., Kingdom v. Jackson*, 896 P.2d 101, 104 (Wash. Ct. App. 1995).

Therefore, Plaintiff's counsel's motion to withdraw as counsel is GRANTED. In accordance with this order:

1. Attorney Todd R. Startzel, and his firm, Kirkpatrick & Startzel, are GRANTED leave to withdraw from representation and as counsel in this action for Plaintiff Abolfazl Hosseinzadeh, effective as of the date of this order.

2. The Clerk is DIRECTED to mail a copy of this order to Plaintiff at P.O. Box 3043, Bellevue, WA 98009.

//
//
//
//

---

[1] Because Plaintiff has now responded (Dkt. No. 29), Plaintiff's motion for an extension of time to respond to Defendants' motion to dismiss (Dkt. No. 19) is DENIED as moot.

1       DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE