THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABOLFAZL HOSSEINZADEH,<br><br>                     Plaintiff,<br><br>          v.<br><br>BELLEVUE PARK HOMEOWNERS ASSOCIATION *et al.*,<br><br>                     Defendants. | CASE NO. C18-1385-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for leave to amend and supplement his complaint (Dkt. No. 52). Having considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

## I.     BACKGROUND

The Court has previously described the allegations in Plaintiff's complaint and will only summarize those allegations as relevant here. (*See* Dkt. No. 34 at 1–5.) Plaintiff and his family were born in Iran. (Dkt. No. 1 at 3.) In 2002, Plaintiff purchased a condominium unit at Bellevue Park, which is managed by Defendant Bellevue Park Homeowners Association (the "Association"). (*Id.* at 2–3.) Plaintiff alleges that since he purchased the condominium, the Association and several of its members have harassed and targeted Plaintiff because of his and his family's race, religion, or national origin. (*See id.* at 3–10.) For example, Plaintiff claims that

the Association tried to stop him from installing a satellite dish so that his parents could watch Persian television programs; that the Association tried to foreclose on his unit because he had unpaid assessments; that the Association successfully prevented him from taking leadership positions within the Association; and that the Association retaliated against him when he brought a complaint with the Human Rights Commission. (*See id.*) Plaintiff also claims that two Association members, Defendants Adrian Teague and Jennifer Gonzales, falsely accused him of trying steal the Association's money. (*See id.* at 8–11.)

On September 19, 2018, Plaintiff filed suit against the Association, Teague, and Gonzalez. (*Id.* at 3.) The complaint brings claims of defamation and false light; violation of the Fair Housing Act, 42 U.S.C. §§ 3604(a), 3604(b), 3617; violation of the Civil Rights Act, 42 U.S.C. § 1982; violation of the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010–49.60.510; and violation of the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010–19.86.920. (*Id.* at 10–16.)

Now, 18 months later, Plaintiff moves to amend his complaint. The amended complaint is quadruple the length of the original complaint and appears to work four changes in this case. (*Compare* Dkt. No. 1, *with* Dkt. No. 52 at 15–79.) First, the amended complaint joins Plaintiff's sister, Akram Hosseinzadeh, as an additional Plaintiff. (Dkt. No. 52 at 18.) Second, it joins Marlene Newman, an Association member, as an additional Defendant. (*Id.* at 20.) Third, it alleges new facts. (*See id.* at 22–60.) Finally, it includes six new causes of action: (1) negligence; (2) breach of the Association's governing documents; (3) selective enforcement of the Association's governing documents; (4) equitable accounting; (5) declaratory relief; and (6) injunctive relief. (*Id.* at 71–79.)

**II.   DISCUSSION**

Federal Rule of Civil Procedure 15(a)(1)[1] allows a plaintiff to amend a complaint "once

---

[1] Some of Plaintiff's proposed amendments arguably fall under Federal Rule of Civil Procedure 15(d) because they "set[] out [a] transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). However, because the standard for

as a matter of course"—*i.e.*, without a court's approval—within 21 days after the defendant first serves a responsive pleading or a motion under Rule 12(b), (e), or (f). If a plaintiff can no longer amend their complaint as a "matter of course," then they "may amend . . . only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When deciding whether to grant leave, courts consider four factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, and (4) futility. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Those factors are weighed "with all inferences in favor of granting the motion" because Rule 15 instructs that "court[s] should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *Griggs*, 170 F.3d at 880. In this case, the factors for granting leave apply differently to the four changes Plaintiff proposes. Accordingly, the Court will analyze each proposed change in turn.

### A. Joining Plaintiff's Sister as an Additional Plaintiff

For 18 months, Defendants structured their discovery and litigation based on Plaintiff's decision to seek relief only for himself. Plaintiff now seeks to join his sister as a plaintiff, but he does not explain why his sister refrained from intervening and why he waited 18 months to join her. That 18-month delay was unreasonable because at the time Plaintiff filed his complaint, Plaintiff knew or should have known of any harm his sister suffered due to Defendants' allegedly discriminatory acts.[2] *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)

---

granting leave to supplement a pleading under Rule 15(d) appears to be the same as the standard for granting leave to amend a pleading under Rule 15(a), the Court will analyze all of Plaintiff's proposed amendments under Rule 15(a). *See Cole v. Educ. Credit Mgmt. Corp.*, 2017 WL 8116538, slip op. at 1 (C.D. Cal. 2017).

[2] Plaintiff is incorrect that his motion is "per se" timely because he filed it within the deadline for amending pleadings. (*See* Dkt. No. 52 at 4.) As the Ninth Circuit has explained,

> In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."

("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."); (*id.* at 97–99). In addition, allowing Plaintiff's sister to bring claims at this late stage would prejudice Defendants because it would force Defendants to engage in "expensive and time-consuming new discovery" to determine the role Plaintiff's sister played in the events at issue and to assess the harm Plaintiff's sister may have suffered. *See Conroy Datsun Ltd. v. Nissan Motor Corp. in U.S.A.*, 506 F. Supp. 1051, 1054 (N.D. Ill. 1980). Accordingly, the Court DENIES Plaintiff leave to join his sister.

### B.  Joining Newman as a Defendant

Plaintiff does not explain why he waited 18 months after filing his complaint to join Newman as a defendant. That 18-month delay was unreasonable because Plaintiff knew of Newman's alleged acts either long before or shortly after Plaintiff filed his lawsuit. (*See* Dkt. No. 57 at 11) (discussing Plaintiff's knowledge of Newman's actions). Furthermore, allowing Plaintiff to join Newman as a defendant shortly before the discovery cutoff would prejudice Newman because unlike Plaintiff, Newman has not had the opportunity to engage in 18 months of discovery. The Court therefore DENIES Plaintiff leave to join Newman as a defendant.

### C.  New Factual Allegations

Plaintiff's proposed amended complaint includes a host of new factual allegations. Most of these allegations appear to merely add detail to allegations in the original complaint. (*See, e.g.*, Dkt. No. 52 at 25–41) (discussing the "Discriminatory Collection and Foreclosure Action"). Those new details are unnecessary because the original complaint gave Defendants' adequate notice of Plaintiff's claims. Other allegations appear to add a new basis for Plaintiff to seek relief

---

*AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Here, Plaintiff knew or should have known almost all of the facts and theories raised by the amendments to his complaint over 18 months ago. Plaintiff's decision to wait 18 months to amend his complaint was, therefore, unreasonable. *See id.* (holding that a fifteen-month delay was unreasonable and noting that the Ninth Circuit has held that an eight-month delay was unreasonable).

from Defendants. (*See id.* at 54–59.) These allegations relate to Defendants' alleged failure to inspect and repair water damage that Plaintiff's unit purportedly suffered when pipes in a common area clogged. (*Id.* at 59.) Because many of the alleged events occurred well after Plaintiff filed his original complaint—some occurred in December 2019—he could not have included those events in that complaint. (*See id.* at 54–59.) At the same time, those events are so recent that they are an inappropriate subject of this litigation, which is centered on Defendants' allegedly discriminatory actions taken between 2012 and 2017. (*See generally* Dkt. No. 1.) Defendants' prior actions cannot be promptly and efficiently addressed if Plaintiff injects into the litigation a distinct set of events involving numerous third parties occurring between July 2018 and December 2019. (*See* Dkt. No. 52 at 54–59.) Accordingly, the Court DENIES Plaintiff leave to amend his complaint to add new factual allegations.

### D. New Causes of Action

As previously mentioned, Plaintiff's proposed amended complaint includes six new causes of action. (Dkt. No. 52 at 71–79.) Some of these causes of action are not actually new; Plaintiff's requests for injunctive and declaratory relief were included in his original complaint. (*Compare* Dkt. No. 1 at 16, *with* Dkt. No. 52 at 77.) Others, including Plaintiff's causes of action for negligence and equitable accounting, appear to unreasonably insert new factual issues into the case. (*See* Dkt. No. 52 at 71–72, 75–76.) And the rest inject new legal issues that Plaintiff should have brought 18 months ago and that will further delay this case if they are brought now. The Court therefore DENIES Plaintiff leave to amend his complaint to allege new causes of action.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to amend and supplement his complaint (Dkt. No. 52).

//

//

DATED this 12th day of June 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE