THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABOLFAZL HOSSEINZADEH,<br><br>                    Plaintiff,<br><br>        v.<br><br>BELLEVUE PARK HOMEOWNERS ASSOCIATION, *et al.*,<br><br>                    Defendants. | CASE NO. C18-1385-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's second motion to compel (Dkt. No. 180). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS Plaintiff's motion, in part, for the reasons explained herein.

The Court has described the facts of this case in prior orders and will not repeat them here. (*See* Dkt. Nos. 34, 143, 144, 149, 150, 167.) Following the Court's previous order on Rule 30(b)(6) motions (Dkt. No. 167) and numerous meet-and-confers, the parties remain at odds regarding the scope of Defendant Bellevue Park Homeowners Association's (the "Association") Rule 30(b)(6) deposition. The Court reiterates its position that discovery motions are strongly disfavored. Nevertheless, it is clear that, at least in this instance, the parties have attempted to resolve their discovery dispute in good faith and require the Court's intervention before the Association's Rule 30(b)(6) deposition can go forward. At issue is the propriety of Topics 29, 31,

33, and 34, as well as the timeframe covered for these topics and the parties' agreed-to topics. (*Compare* Dkt. Nos. 180, 197, *with* Dkt. No. 182.)

As the Court previously indicated, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 30(b)(6),

> [A] party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . The persons so designated shall testify as to the matters known or reasonably available to the organization.

This procedure allows a party to obtain sworn admissions that are binding on the organization. *Hardin v. Wal-Mart Stores, Inc.*, 2011 WL 11563217, slip op. at 2 (E.D. Cal. 2011). Relevant information has generally been considered to be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *but see Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F.Supp.3d 810, 823 (W.D. Pa. 2016) (describing the narrowed scope of discovery after the 2015 amendments to Rule 26(b)(1)). As the Court previously indicated, in *this* instance, relevancy is determined by reference to the allegations and claims in the operative Complaint. (*See* Dkt. Nos. 144, 167.) Proportionality is a matter of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

1. Timeframe

Plaintiff generally seeks testimony from the Association's Rule 30(b)(6) representative regarding events occurring from January 1, 2011 through today. (Dkt. No. 180 at 11–13.) The Association argues this timeframe is overbroad, suggesting it be limited to the four-year period

preceding the date Plaintiff filed his complaint. (*See* Dkt Nos. 1, 182 at 7–8.) But the Association's suggested starting date is arbitrary and inconsistent with Plaintiff's claims. Plaintiff alleges that the Association engaged in a pattern of discriminatory behavior beginning in 2001 and based on this behavior, Plaintiff filed two complaints with the Washington Human Rights Commission, the second of which was based upon conduct commencing in 2011, which is the subject of Plaintiff's discrimination claims. (*See* Dkt. No. 1 at 3–10, 12–16.) Accordingly, actions taken from 2011 onward are relevant. However, actions taken after Plaintiff filed the operative complaint are not relevant. Therefore, the Court FINDS that, unless otherwise indicated below, events occurring from January 1, 2011 through September 19, 2018 are relevant and proportional.

   2. Topic 29

Plaintiff also seeks testimony from the Association's Rule 30(b)(6) representative regarding the Association's reimbursements to other unit owners for flooding, foundation, electrical, or plumbing issues. (Dkt. No. 180 at 4.) Plaintiff argues the information is needed to prove disparate treatment. (*Id.* at 4–6.) The Association responds that this topic contravenes the Court's prior order. (Dkt. No. 182 at 8–9.) The Court disagrees. The purpose of this testimony is not to support claims that the Court has barred Plaintiff from adding, but to support claims already included in the operative complaint. (*See* Dkt. No. 180 at 3–10, 12–16.) Therefore, the Court FINDS that Topic 29 is relevant and proportional.

   3. Topic 31

Plaintiff seeks testimony involving the Association's policies, practices, and procedures regarding the installation of satellite dishes and, specifically, the Association's involvement in the installation and eventual removal of the dish serving Plaintiff's unit. (Dkt. No. 180 at 6–8.) This Court FINDS that this information is relevant to Plaintiff's discrimination-based claims against the Association and, in the form provided, proportional to Plaintiff's need for this information.

4. Topic 33

Plaintiff seeks testimony about the Association's policies, practices, and procedures regarding the community members' involvement in a special homeowners' meeting held on January 31, 2017 to remove Board members and to vote for a new Board. (*Id.* at 8–10.) But the Association had no role in this meeting. It was a meeting of the homeowners. (*See* Dkt. No. 183 at 6.) The Court FINDS that this is not a relevant topic and, accordingly, Topic 33 need not be addressed in testimony by the Association's Rule 30(b)(6) representative.

5. Topic 34

Finally, Plaintiff seeks testimony relating to the Association's policies, practices, and procedures regarding common area maintenance and, specifically, upkeep of the grounds, planting trees, and watering plants. (*Id.* at 10.) The Court is puzzled by this topic. Plaintiff alleges disparate treatment by the Association, which includes allegations that Association representatives watered plants on behalf of other members but not Plaintiff. (Dkt. No. 1 at 6.) But this topic is focused on "common area[s]." (Dkt. No. 180 at 10.) By definition, this excludes member-owned plants. The Court FINDS that this is not a relevant topic and, accordingly, Topic 34 need not be addressed in testimony provided by the Association's Rule 30(b)(6) representative.

For the foregoing reasons, the Court GRANTS Plaintiff's motion to compel (Dkt. No. 180), in part, without an award of attorney fees.[1]

DATED this 30th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court FINDS that the Association's objections to Plaintiff's requested topics were substantially justified, precluding an award of attorney fees. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii).