THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABOLFAZL HOSSEINZADEH,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BELLEVUE PARK HOMEOWNERS ASSOCIATION, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C18-1385-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Bellevue Park Homeowner's Association's (the "Association") petition for attorney fees and costs (Dkt. No. 174). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the petition for the reasons described herein.

I. **BACKGROUND**

In its August 20, 2020 order (Dkt. No. 167), the Court ordered "Plaintiff's counsel to pay the Association's reasonable expenses incurred in bringing its motion for a protective order." (*Id.* at 9; *see* Dkt. No. 69.) In doing so, the Court directed the Association to "provide the Court with an estimate of its reasonable expenses." (*Id.*) In response, the Association filed a petition for fees and an accompanying declaration setting forth its time and expenses incurred in obtaining the

ORDER
C18-1385-JCC
PAGE - 1

protective order. (*See* Dkt. Nos. 174, 175.)

## II. DISCUSSION

### A. Legal Standard

#### 1. Recoverable Fees

If the Court grants a motion for a protective order, the Court ordinarily "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see, e.g.*, *Hoglund v. Sher-Ber, Inc.*, 2008 WL 5427793, slip op. at 2 (W.D. Wash. 2008) (awarding Rule 37(a)(5)(A) fees based on work spent "preparing the motion to compel, the supporting declaration, and the proposed order"). The Court may also award a party reasonable attorney fees incurred in preparing a fee application. *See Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1332, 1325 (9th Cir. 1996).

#### 2. Calculation of Reasonable Fees

The Court employs a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *see also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]

---

[1] The factors set forth in *Kerr* to evaluate the reasonableness of requested fees are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the

1    A reasonable hourly rate is the prevailing market rate in the community for similar
2    services by a lawyer of reasonably comparable skill, experience and reputation. *Roberts v. City
3    of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019). "The number of hours to be compensated is
4    calculated by considering whether, in light of the circumstances, the time could reasonably have
5    been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir.
6    2008). The Court must exclude from the lodestar amount hours that are not reasonably expended
7    because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.
8    There is a "strong presumption" that the lodestar figure is a reasonable fee award. *Dague*, 505
9    U.S. at 562.

### B.    The Association's Attorney Fees

The Association is represented in this matter by Andrew Kintsler and Debra Akhbari. (Dkt. No. 175.) In seeking attorney fees pursuant to the Court's previous order, they submitted a declaration detailing time spent on the following tasks: meeting and conferring with Plaintiff's counsel on the scope of Plaintiff's proposed Rule 30(b)(6) topics, preparing a motion for a protective order and reply brief regarding those topics, and preparing a fee petition in response to the Court's protective order. (Dkt. Nos. 175 at 4–5, 175-1 at 2–3.) They also included time spent by a paralegal who assisted in preparing supporting declarations and exhibits. (*Id.*)

Plaintiff's counsel brings three challenges to the fee petition: first, the time spent prior to filing the motion for a protective order, i.e., communicating with Plaintiff's counsel regarding the scope of Rule 30(b)(6) topics, should be excluded; second, clerical time associated with the protective order motion should be excluded; and third, counsels' time spent drafting the protective order motion and the associated reply was allegedly excessive and duplicative.

---

"undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d at 70.

1    First, the Court agrees that the time spent by the Association's counsel prior to filing the
2  motion should not be included in the fee award. The award previously ordered by the Court was
3  limited to the fees associated with actually "making the motion" for a protective order. Fed. R.
4  Civ. P. 37(a)(5)(A); *see Cockburn v. SWS Indus., Inc.*, 2012 WL 1144965, slip op. at 5 n.2 (W.D.
5  Wash. 2012). Therefore, the Court will exclude the 12.6 hours spent by the Association's counsel
6  on activities predating the motion. (*See* Dkt. No. 175-1 at 2.)

7    Second, while time spent by a paralegal assisting with declarations and exhibits *may* be
8  awarded, that is only true if the time was not clerical in nature. *Wilbur v. City of Mt. Vernon*,
9  2014 WL 11961980, slip op. at (W.D. Wash. 2014). "[C]lients would reasonably expect that
10 [clerical] tasks would be incorporated into the hourly rate charged by counsel." *Id.* The
11 declaration provided does not explain what the paralegal actually spent time on. Therefore, the
12 Court will exclude the 1.0 hour of paralegal time.

13   Third, regarding time spent on the motion: Mr. Kintsler spent 7.2 hours and Ms. Akhbari
14 spent 10.1 hours. (Dkt. No. 175-1 at 3.) This involved preparing the motion, a proposed order, a
15 reply brief, and supporting declarations. (*See* Dkt. Nos. 69, 69-1, 82, 83.) The amount of time
16 spent was reasonable, as were the rates charged,[2] which are in line with those of similarly-
17 situated attorneys. *See, e.g.*, *TVI, Inc. v. Harmony Enterprises, Inc.*, 2019 WL 5213247, slip op.
18 at 2 (W.D. Wash. 2019); *Soderstrom v. Skagit Valley Food Co-op*, 2019 WL 4276643, slip op. at
19 1 (W.D. Wash. 2019).

20   Accordingly, the Court FINDS the Lodestar figure for making the motion to be
21 $6,165.00. This represents 17.3 hours in total spent by the Association's counsel on their motion
22 and related filings and 2.5 hours spent by Ms. Kintsler in drafting the fee petition and related
23 filings. The *Kerr* factors do not warrant an increase or a further reduction in the lodestar figure.
24 *See Kelly*, 822 F.3d at 1099; *Kerr*, 526 F.2d at 70. The Court further FINDS that this lodestar

---

[2] Mr. Kinstler, the firm's managing partner, charged $375 per hour on this matter and Ms. Akhbari, a senior associate, charged $275 per hour. (Dkt. No. 175-1.)

ORDER
C18-1385-JCC
PAGE - 4

figure represents a reasonable award of the Association's attorney fees in making its motion for a protective order and subsequent fee application under Federal Rule of Civil Procedure 37(a)(5)(A).

### III. CONCLUSION

For the foregoing reasons, the Association's petition for attorney fees and costs (Dkt. No. 174) is GRANTED in part and DENIED in part. Plaintiff's counsel is ORDERED to pay the Association's attorney fees in the amount of $6,165.00 pursuant to Rule 37(a)(5)(A).

DATED this 30th day of December 2020.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE