THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABOLFAZL HOSSEINZADEH,

                    Plaintiff,

        v.

BELLEVUE PARK HOMEOWNERS
ASSOCIATION, *et al.*,

                    Defendants.

CASE NO. C18-1385-JCC

ORDER

        This matter comes before the Court on Defendant Adrian Teague's motion for summary judgement (Dkt. No. 157). Having considered the parties' briefing[1] and the relevant record, and finding oral argument unnecessary, the Court hereby GRANTS Defendant Teague's motion for the reasons explained herein.

## I.    BACKGROUND

        The parties have a long and contentious history regarding management of Bellevue Park and its related Homeowners Association ("BPHOA"). The Court has described the most recent allegations in previous orders and will summarize only allegations relevant to the instant motion here. (*See generally* Dkt. Nos. 34, 143, 144, 150.) Plaintiff brings defamation and false light

---

[1] The Court has not considered the portion of Plaintiff's briefing exceeding the page limits prescribed by Local Civil Rule 7(e)(3).

ORDER
C18-1385-JCC
PAGE - 1

claims against Defendant Teague based on an e-mail Defendant Teague sent to BPHOA

members, BPHOA's law firm, and BPHOA's property manager, which said the following:

> During one of the invalid board meetings, a member was nominated president and
> has attempted to defraud US Bank by requesting that the association[']s operational
> funds be transferred out. While I am not an attorney, these attempts to move the
> association[']s money [are] tantamount to criminal activity and they have not been
> honored by the bank.

(Dkt. No. 158-2 at 58; *see also* Dkt. No. 1 at 8, 10–12.) Defendant Teague moves for summary

judgment on the defamation and false light claims. (Dkt. No. 157.)

## II.     DISCUSSION

### A.     Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute

about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

In deciding whether there is a genuine dispute of material fact, the court must view the facts and

justifiable inferences to be drawn from them in the light most favorable to the nonmoving party.

*Id.* at 255. In general, "[t]he moving party bears the initial burden of establishing the absence of a

genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the

moving party properly supports its motion, the nonmoving party "must come forward with

'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v.

Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Ultimately,

summary judgment is appropriate against a party who "fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

//

//

B.       **Plaintiff's Defamation Claim**

A plaintiff must prove four elements to make out a claim for defamation: (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages. *Mark v. Seattle Times*, 635 P.2d 1081, 1088 (1981). When a defendant in a defamation action moves for summary judgment, the plaintiff has the burden of establishing a prima facie case on all four elements. *LaMon v. Butler*, 770 P.2d 1027, 1029 (1989). The prima facie case must consist of specific, material facts, rather than conclusory statements, that would allow a jury to find that each element of defamation exists. *Id.* (citing *Herron v. Tribune Pub'g Co.*, 736 P.2d 249, 258 (1987)). Summary judgment plays a "particularly important role" in defamation cases:

> Serious problems regarding the exercise of free speech and free press guaranteed by the First Amendment are raised if unwarranted lawsuits are allowed to proceed to trial. The chilling effect of the pendency of such litigation can itself be sufficient to curtail the exercise of these freedoms.

*Mark*, 635 P.2d at 1088 (internal quotations omitted).

As described below, Defendant Teague presents unrebutted facts establishing that his communication was, in fact, privileged, while Plaintiff presents insufficient facts to demonstrate otherwise. Therefore, the Court need not consider the remaining elements in granting summary judgment to Defendant Teague on this claim.

### 1.   *Common Interest Privilege*

A defendant may assert a privilege to defend against liability for a defamatory statement. *Valdez-Zontek v. Eastmont Sch. Dist.*, 225 P.3d 339, 347 (Wash. App. 2010) (citing *Bender v. City of Seattle*, 664 P.2d 492, 504 (Wash. 1983)). The "common interest" privilege arises when "the declarant and the recipient[s] have a common interest in the subject matter of the communication." *Moe v. Wise*, 989 P.2d 1148, 1154 (Wash. App. 1999) (citing *Ward v. Painters' Local Union No. 300*, 252 P.2d 253, 257 (Wash. 1953)). "This privilege generally applies to organizations, partnerships, and associations and 'arises when parties need to speak freely and openly about subjects of common organizational or pecuniary interest.'" *Valdez-*

1  *Zontek*, 225 P.3d at 347 (quoting *Moe*, 989 P.2d at 1155). "When the facts are not in dispute as to

2  the circumstances of the alleged defamatory communication, the determination whether a

3  privilege applies is a matter of law for the court to decide." *Id.*

4      Plaintiff concedes that the common interest privilege applies to the e-mail at issue, (*see*

5  Dkt. No. 162 at 23), and the Court agrees. All recipients were either members of BPHOA, its

6  attorney, or its property manager. (Dkt. Nos. 1 at 3, 36 at 2.) They have a common and pecuniary

7  interest in the Board's operations and, correspondingly, the subject of the e-mail. *See Valdez-*

8  *Zontek*, 225 P.3d at 347. At issue, though, is whether the e-mail represented an abuse of that

9  privilege.

10                    *2.   Abuse of Privilege*

11      A defendant can abuse a privilege if he "kn[e]w the matter to be false or act[ed] in

12  reckless disregard as to its truth or falsity," i.e., acted with actual malice, or "knowingly

13  publishe[d] the matter to a person to whom its publication [wa]s not otherwise privileged." *Moe*,

14  989 P.2d at 1157. As to the issue of actual malice, the inquiry is "subjective and focuses on the

15  declarant's belief in or attitude toward the truth of the statement at issue." *Id.* (quoting *Story v.*

16  *Shelter Bay Co.*, 760 P.2d 368, 373 (Wash. App. 1988)). A plaintiff must establish abuse of a

17  privilege by clear and convincing evidence. *Id.* (citing *Bender*, 664 P.2d. at 505). At summary

18  judgment, the Court must consider whether there is evidence for a rational juror to support a

19  finding of actual malice by clear and convincing evidence. *Suzuki Motor Corp. v. Consumers*

20  *Union of U.S., Inc.*, 330 F.3d 1110, 1134–35 (9th Cir.2003).

21      Defendant Teague presents significant evidence, namely his own testimony, along with

22  contemporaneous communications, supporting a genuine belief in the claims he made in the e-

23  mail. (*See* Dkt. Nos. 158 at 4–9; 158-1 at 61, 63, 65–68, 70, 77–78, 80, 82; 158-2 at 6, 16–17, 19,

24  22–23, 31, 40, 49–51, 53–54, 56, 61, 70.) Plaintiff presents no evidence, other than conjecture,

25  regarding Teague's intent or belief in making his statement. This is insufficient to withstand

26  summary judgment.

1   Plaintiff also alleges that Defendant Teague may have published his message to persons

2   who are no longer members of BPHOA.[2] But Plaintiff does not provide any evidence in support

3   of this allegation and the evidence presented by Defendant Teague, namely the e-mail itself,

4   which contains a list of recipients, and testimony from both Teague and the alleged non-

5   homeowner who received the message, contradicts it. (*See* Dkt. Nos. 158-2 at 58, 159-1 at 13,

6   163-2 at 67–68.)

7   Accordingly, the Court FINDS that Plaintiff presents insufficient evidence to survive a

8   motion for summary judgment on his defamation claim against Defendant Teague.

9   **C.      Plaintiff's False Light Claim**

10   Defamation and false light claims are distinct: a false light claim compensates for mental

11   suffering, while a defamation claim compensates for reputational harm. *Life Designs Ranch, Inc.*

12   *v. Sommer*, 364 P.3d 129, 139 (Wash. App. 2015) (citing *Eastwood v. Cascade Broad. Co.*, 722

13   P.2d 1295, 1297 (Wash. 1986)). "[A] plaintiff must present a prima facie case of false light to

14   overcome a motion for summary judgment." *Seaquist v. Caldier*, 438 P.3d 606, 616 (Wash. App.

15   2019). A false light claim arises when (1) someone publicizes a matter that places the plaintiff in

16   a false light, (2) "the false light would be highly offensive to a reasonable person," and (3) "the

17   actor knew of or recklessly disregarded the falsity of the publication and the false light in which

18   the other would be placed." *Corey v. Pierce Cnty.*, 225 P.3d 367, 373 (Wash. App. 2010) (citing

19   *Eastwood*, 722 P.2d at 1297). The final element is dispositive in this instance. As described

20   above, Defendant Teague presents significant evidence of his good-faith belief in the claims he

21   alleged. *See supra* Part II.B.2. Plaintiff presents conjecture and speculation. *Id.* This is

22   insufficient to survive a motion for summary judgment.

23   Accordingly, the Court FINDS that Plaintiff presents insufficient evidence to survive a

24

25   [2] Plaintiff claims that Defendant Teague "does not know exactly all the individuals to

26   whom he sent the email" but, at a minimum, included "Terri Rutherford, who was no longer a
homeowner." (Dkt. No. 162 at 14.)

1   motion for summary judgment on his false light claim against Defendant Teague.

2   **III.      CONCLUSION**

3           For the foregoing reasons, the Court GRANTS Defendant Teague's motion for summary

4   judgment (Dkt. No. 157).

5           DATED this 8th day of January 2021.

6

7

8                                                        _____

9                                                        John C. Coughenour
                                                         UNITED STATES DISTRICT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C18-1385-JCC
PAGE - 6